Good morning Your Honor. Paul Grossman. I'd like to reserve 5 minutes for rebuttal. Are you appearing by video counsel? Yes I am. I didn't have you so I was worried that I was going to be doing this by telephone. Go ahead. I was trying to get my phone on and now I have it. No problem. Your Honors, good morning. This action involves claims by appellants that the defendants charged them and tens of thousands of other mortgage borrowers from proper attorney's fees and expenses during foreclosure, including supported attorney's fees which were never disclosed to them and which were charged after they under their retainer agreements with the attorneys. We're pretty aware of where you're going. Maybe you could ask this first question. It doesn't seem to me, as to the rest, you'd have caught a question. It doesn't seem to me that you even challenged that there was a final judgment on the merits in the Maazai, and that's the way Idaho says it, final judgment on the merits, or there was privity between the parties. You don't challenge those issues, right? So in fact, we're really dealing with the third issue. Your Honor, we don't challenge that there was a final judgment on the merits with regard to... Well, I didn't see anything in there about privity between the parties. Oh, no, I'm not saying... I didn't finish. I apologize, Your Honor. We're also not... Okay, so then we're just left with the last prong of the rest judicata problem, right? Your Honor, I don't know if that's exactly our position. We believe, as we indicated, that there are four bases for why a rest judicata determination was not proper here. The first was that the class representative in the prior action which was tried, Mr. Maazai, could not bring the claims that appellants bring here regarding the specific attorneys fees and expenses which were at issue here. Let me ask you this question. Let's go in the Maazai action? No, Your Honor. Why? Because we're talking about completely different claims than were at issue in the Maazai action. Don't they to some extent involve the infringement of the same right? Both suits seek to recover damages based on attorneys fees improperly charged to the loan documents, right? Your Honor, this is not a simple breach of contract action. There are plenty of other causes of action, but with regard to the facts, Your Honor, I would point out again that Mr. Maazai, there is no evidence that he was charged for any of the fees that are at issue here. So based on that fact, we're talking about fundamentally different claims here. There is no evidence that Mr. Maazai was charged fees after his loan had in fact been paid off which weren't disclosed to him. The only thing that was tried in the Maazai class action with regard to attorneys fees was the question of whether attorneys fees were improperly shared with a non-attorney outsourcer. That was the only question that was certified with regard to attorneys fees and the only question that was litigated. There is, these claims could not have been litigated by Mr. Maazai and a fundamental aspect here, if the claim could not have been brought in the prior action, res judicata does not apply under multiple Ninth Circuit cases. Second. Well, but it seems to me that in both of these cases the only difference is you're going for excess fees and they didn't do it before. Not at all, Your Honor. Well, try to tell me why. Your Honor, the fees and expenses we're fundamentally different. There is no evidence that Mr. Maazai was charged, I just told you, fees which were charged and not disclosed after payoff. There was no evidence that Mr. Maazai was charged for attorneys fees which were in excess of the contract that the defendants had with their own law firms. It's simply a fundamentally different claim. There is no evidence that Mr. Maazai was charged for fees or expenses that were specifically prohibited by California law. It's apples and oranges, Your Honor. There is just no similarity between the claims that we're talking about, which are at issue here. So that's the first issue for why res judicata simply cannot apply here because Mr. Maazai, the class representative, could not have brought this claim here. Number two, appellants here were not charged the attorneys fees and expenses at issue until years, five and six years, after the Maazai action was filed in 2001. Again, Ninth Circuit cases uniformly hold that res judicata does not apply to claims which arose after the prior action was filed. Third, the cases are uniform, including cases from this circuit and the Supreme Court, that class actions are an exception to the rule against claims split, claims split. Every court has uniformly found that even if absent class members could bring their individual claims in a prior action and they could not here, res judicata does not apply to claims that were not litigated. And the reason is simple, as the Supreme Court in the Ninth Circuit has said, in addition to many other courts. If unnamed parties to a class action were required to raise every claim they had in a prior certified class action, then class actions would ground to a halt and they'd be rendered obsolete. And that's precisely what the Supreme Court said in Cooper, what precisely what this court said in Heiser, and in Akuchuk, and what every other federal court has said. Again, the appellees have failed to identify a single case in which res judicata applied to preclude the claims of unnamed class members which were not brought into court. Fourth, applying res judicata to appellant's claims here would result in the anomalous situation of requiring parties to bring claims in a prior action that they weren't even aware of. The record demonstrates that the appellants... I don't know. I guess I tried to get us in the same boat because I looked at what we had to have for res judicata. There were three elements. One was identity of claims, one final judgment on the merits, and one privity. And I didn't think you said anything about final judgments and privity, so I was going then for identity of claims. And it seems to me you're addressing that to some extent, but in the Mazzai action, the nucleus of the facts were that all similarly situated borrowers, and I'm reading right now because I just want to make sure, during the class period who sought to recover damages based on attorney's fees were improperly charged to borrowers under their loan documents, including the basis the fees were charged with a non-attorney. Now here we've got a class who paid fees who were shared by Fidelity or were in excess of the fees which are allowed to be charged under the relevant contracts between the defendants and Fidelity or between Fidelity and another service provider. So I'm trying to figure out why it is. These claims seem to rise or fall with the resolution of the common questions of law or fact, and those would, could, or were raised in Mazzai. Your Honor, if, number one, even if you look at the second aspect of what you just said, I did, that was not raised in Mazzai. Your Honor, let me, let me, well, but it isn't a matter of whether it was, it's a matter of whether it could have been. No, Your Honor, I respectfully disagree. Number one, number one, it could not have been because Mr. Mazzai, the class representative, could not have brought these claims. Number two, even looking at traditional rest judicata analysis, the claims were, which are at issue here, are fundamentally different than the claims were at issue, which were at issue in Mazzi. And number three, binding Supreme Court and Ninth Circuit precedent says for the that in the context of a class action, a, an unnamed class member does not, and indeed cannot, raise claims other than those which were actually certified, because then there would be no such thing as a class action. The courts have expressly indicated that, quote, class actions are an claim splitting. So there are four independent bases based on controlling law from this circuit, which indicate, indisputably, I believe, and there are no cases to the contrary, that rest judicata simply cannot apply to the claims of unnamed class members, which were not and could not have been raised in the prior class action, the certified question. I see that my time is up here. I did want to get to, I did reserve time. I did want to get to the other question with regard to the late fees, to the extent that I can argue that now, or I'll do that on rebuttal. Not my call. That's Judge, that's Judge Rawlinson's call. Your Honor, would you like me to go forward? I did reserve. I'm over my time now. Judge Rawlinson. Judge Smith, this is Richard in the courtroom. Unfortunately, we have lost Judge Rawlinson off of the call, and she has not tried to get back in. We are trying to contact her now. Well, I guess we wait for Judge Rawlinson. I hope she didn't go off at 1459. Well, if she went off when you changed position on my television, it wasn't at 1459, near the end. I'm back. Can you all hear me? Yes. Okay. So, I was, at what point did you go off? I'm over my time, because I did reserve five minutes for. Okay, that's fine. I think I heard enough. Okay. So, I do, yes. So, I'll discuss the question of the statute of limitations on rebuttal, if that's all right. All right. Thank you, counsel. Thank you. Ms. Williams? Yes, Your Honor. Or hear me? Yes, we can hear you. Thank you. Thank you. May it please the court, Amy Williams, appearing for the appellees. This case was properly dismissed by the district court, because the claims here were either an improper attempt to relitigate the long-running Mazzei case, or the statute of limitations had run on all of the appellant's claims. I'm going to cover res judicata first, and then turn to statute of limitations. And I'll turn first to the discussion with the appellees' counsel. We do think that this case boils down to a disagreement with the res judicata point over the application of what it means to have identity of claims in the res judicata context. And specifically, when we look at attorney's fees, the appellants are contending that the Mazzei judgment only barred the attorney fee split theory. And they are seeking to attack or recover the same exact attorney's fees in this case, just using a different theory. We think that that's too narrow an application of res judicata. In particular, if we look at the Ninth Circuit's decision in Tahoe, Sierra, that case we think is instructive. There, the first case was based on challenging a land development plan. And then later, the plaintiffs brought a second suit based on the implementation of that same land development plan. And this court held that challenging the plan, or challenging its implementation, were essentially the same suit, and that the second suit did not involve any new facts. This is the same situation, Your Honors. The district court took judicial notice of the class certification order, which begins on the record at 242. And it is clear that the Mazzei class was seeking to recover attorney's fees. The basis that made it to trial was on the fee split issue, Your Honor. But that class is very similarly defined as the proposed class was in this case. And we would also point, in terms of an overlap of the facts, if one compares the description of the relationship between fidelity and HOME Act, that is in the district court's certification order in Mazzei. And to be clear, not on the basis of taking that for its truth, Your Honors, but to take judicial notice of the scope of the Mazzei action and the facts that were before the Mazzei court. If you compare that with the first amended complaint in this case, and specifically at the record pages 115, 117, and 118, the basis is to recover attorney's fees. It is a different theory. So let me stop you a minute. Would you say that the instant suit will require the production of substantially the same evidence presented in Mazzei? As it relates to the attorney fee-related claims, Your Honor, yes, it will. I will address in a moment. Let me just say this, Your Honor. The reply brief from the appellants brought up some different kinds of fees that were not argued in the opening brief, things like broker price opinions, inspection fees. We do have a different argument. Our argument on those, to be quick, is statute of limitations and not res judicata. Right, right. Do these same suits involve an But what the suits have in common is the right the appellants would stake to be charged the correct amount of attorney's fees under their loan documents. They have different theories for why the attorney's fees were wrong, but the right charges the correct amount of attorney's fees and our payoff is the same. If that answers the court's question, I wanted to address some of raised by the appellants. These claims not only could have been brought in Mazzei, we of course argue that they were, and we point to not only what I've already cited, but the fact that Mr. Raspberry and Mr. Cortez eventually both acknowledged that they received the Mazzei class notice, so they were in the defined class. Second, the fact that these two loans were paid off in not create an issue with the application of res judicata for two reasons. First, the operative Mazzei complaint wasn't filed until 2010, and second, the class certification order included claims such as theirs in the class. So to contrast this with some of the cases cited by the appellants such as Media Rights or the LA branch of NAACP, these attorney fee claims, anything that arose up through 2013 was in fact tried, and that's the claim that lost in front of the jury. So in effect, you're suggesting that the third amended complaint that was filed in 2010 and its certification in 2013 expanded the scope of the litigation in Mazzei to cover these? That's correct, your honor. The scope of the litigation in Mazzei changed markedly from 2001 until it was ultimately tried at the end of 2014, but for the purposes of res judicata effect on these attorney fee claims, the crucial facts are the third amended complaint filed in 2010 and really the certification order itself at 242 of the record and the class notice order at 303, these plaintiff's claims were clearly included in what was being tried. And let's flip that around, your honor. If the Mazzei class had been successful on its attorney fees claims, these class members would have recovered something. If they were not successful, they lost a trial, and our contention is they shouldn't be allowed to relitigate something that we litigated for 15 years and won. I will also just state briefly that the Supreme Court's decision in Cooper or this court's decision in Heiser are not inconsistent with this outcome. Those cases are distinguishing between class claims, and clearly a class is bound by an adverse judgment trial, and individual claims that have different facts. So it really just brings us back to the question of are the facts the same? I would like to segue to the limitations issues, your honors, unless there are other questions about res judicata, and I'm going to combine here discussing what I talked about in terms of those quote-unquote other fee claims, the things that aren't late fees, and the things that aren't attorney's fees. Only Mr. Cordes makes an allegation in the complaint that he was charged those fees, and there is no class claim alleged in the second amended or first amended complaint on these other fees. But when I'm discussing limitations, I'm including any claims that relate to those fees as well. I want to talk about the class late fee claims. The Court of Appeal decision in Fiero essentially answers the question as to whether the statute of limitations could have been told by the Mazzei case for the late fee class claim, and the answer is no. As the Court is aware, the Court of Appeal in Fiero had originally come out the other way under California law as to whether there could be tolling for a follow-on class action. It went off to the California Supreme Court, which vacated and sent the case back and specifically instructed the Court of Appeal, please re-review this in light of the Supreme Court's decision in China Agritech. And in that case, the Court of Appeal stated unequivocally there's no basis on which to apply equitable or any other form of tolling when you're talking about two follow-on class actions. There's similar language on page 295 of the Fiero decision. Regardless of what you call it, whether you call it American pipe tolling, whether you call it equitable tolling, California law simply doesn't recognize a follow-on class action such as this, and therefore the statute of limitations on the late fee claims for any kind of class claim would have run. Just to, I would also point out that even before Fiero came out, our view of this Court's decision in Hatfield would have come out the same way because Hatfield and Catholic Social Services were very clear that tolling should not be applied to allow a class to re-litigate the class claims on the merits. It should be there to protect a class where the first action was resolved through a procedural issue such as lack of personal jurisdiction as in Hatfield. So in that respect, they're, the outcome would have been the same regardless. Let me stop you just a little bit about these new claims and legal theories. The District Court found you wouldn't be prejudiced to the extent that you had a notice of these late fee claims and the opportunity to gather evidence, I'm reading, with respect to those claims. You argue that these new claims, you didn't have the chance to gather this evidence to defend against them. What claims or theories asserted in this suit did you not have a chance to gather or identify sources of evidence? Most specifically, Your Honor, with respect to late fee claims, the unjust enrichment theory that they're leading with in this case gets away from the privity problem that Mazzai had, but it opens up a different area of discovery altogether, which is discovery relating to whether these loans were originated by the money store and whether they had been assigned or not. And we point to that in our papers. And that's a significant issue here, particularly as we take a step back. It's 2020. The events at issue in this case took place 2006 and earlier, so to unwind now, the loan histories from the early 2000s would be difficult. And of course, you have the memories of witnesses have further faded as well. Does that answer the Court's question? Yes. Thank you. So if we look at the individual claims, and I did want to address American Pipe, California, excuse me, under Hadfield, American Pipe tolling does not apply cross-jurisdictionally in California, which is why Ms. Piott's claim does not survive. And I don't believe the plaintiffs tried to argue that, excuse me, the appellants tried to argue that in their briefs. But we contend that her claims would not benefit from cross-jurisdictional tolling in any event, nor would any class claims. With respect to the individual claims, Fiero didn't answer the question of whether tolling would be available in California for Mr. Asbury or Mr. Cordes. And we assert that if they had wanted to preserve their claims, they shouldn't have filed them in the Southern District of New York, where Mazzai had been pending. There is no case cited by the plaintiffs, although we also have not been able to find a case addressing this exact issue, Your Honor, of whether individual claims that are based on the existence, where tolling would be based on the existence of a class action that had been filed and resolved in another jurisdiction, can be tolled. And just briefly, I want to address the individual, the elements of equitable tolling, although we don't think it should apply here. Some important factual points. Taking the complaint as true, these plaintiffs paid off their loans no later than 2006. By the time they received a class notice in 2014, the statute of limitations on their individual claims had long run, and the complaint is completely silent as to anything that they did to investigate or question the amount of their payoffs. Secondly, the complaint actually admits that the Mazzai class had the data, it's called the MSP database. They had that data in its possession from June of 2013, but took no action to analyze it or investigate it until after that case was over, and we point to the record at 470. And so, I'm almost out of time, but our point is, there are not facts pled in this complaint. Even after the courts specifically put the plaintiffs on notice that they needed to allege facts that would invoke the discovery rule, that would invoke equitable tolling or the discovery rule of fraudulent conveyance, I'm sorry, concealment, so we contend that after 15 years, the district court directly, correctly dismissed. Unless there are any questions, I see I'm out of time. Thank you, counsel. Thank you, your honor. Bottle? Thank you, your honor. With regard to equitable tolling, whatever the rule is with regard to equitable tolling is as to whether a subsequent class can be told after decertification of prior class action. The cases are unequivocal that equitable tolling in California continues to apply to the claims of individual litigants. In fact, in Fiero, the 2019 case relied upon by the court, the court stated the filing of a class action tolls the running of the individual claims of all putative class members until class certification is denied. Hatfield, which this court decided in 2009, says the same. So, there can be no question that equitable tolling applies because California courts routinely apply equitable tolling where there's been a prior action in which the party sought some relief, which perhaps would have necessitated or not necessitated the subsequent action. So, with regard to... Well, what about Moore? What are you going to do with Moore as it relates to that issue? What is... The Moore case? Your Honor, I'm not familiar with what case you're talking about. Well, it's Moore 210 WL 1437923, the Moore case. And I'm not familiar with... Your Honor, I'm not familiar... Okay, okay, fine. The Hilt case from this court specifically says that equitable tolling applies in the individual claim brought after class certification. The reason, again, is simple. Because if an individual has to bring a case while a class is seeking class relief, then it would result in a multiplicity of actions, precisely what class certification is inclined to deny, is inclined to avoid. Obviously, if that's the case with regard to a non-certified class action, here we have a case where the class actually received judgment. So, certainly with regard to the individual litigants, equitable tolling applies. With regard to the class claims, there is no indication in the complaint and there's nothing from which the court could have even determined as to when the unnamed class member's claims even arose, much less when they were exhausted. The court made no analysis whatsoever, none, with regard to why the claims of unnamed class members were somehow exhausted. The idea that the defendants or the named class members were somehow on notice or should have investigated their claims at the time of payoff invokes a rule with regard to accrual of the statute of limitations, which goes completely against what all the right-prison officers have to know or have to have a suspicion that there was evidence. Okay, counsel, you've exceeded your time. Thank you, Your Honor. On rebuttal. Thank you. Thank you to both counsel. The case just argued is submitted for decision by the court.
judges: Rawlinson, N.R. Smith, Korman